UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 12-10794-GAO

B.C. PRODUCE, INC.; BOSTON TOMATO & PACKAGING, LLC; COOSEMANS BOSTON, INC.; FORLIZZI & BIMBER, INC.; GRANT STANTON PRODUCE COMPANY, INC.; GREGG DZIAMA, INC.; J. BONAFEDE, CO., INC.; M. CUTONE MUSHROOM CO., INC.; MATARAZZO BROS. CO., INC.; PETER CONDAKES COMPANY, INC.; S. STROCK & CO., INC.; and STATE GARDEN, INC.,
Plaintiffs,

v.

LOWELL BROS. & BAILEY, INC.; ANDREW C. SEXENY; and GEORGE E. SEXENY,
Defendants.

ORDER
May 10, 2012 at 3:45 p.m.

O'TOOLE, D.J.

Upon the application of the Plaintiffs for a temporary restraining order, the Court finds and rules as follows:

1. Plaintiffs have established that Lowell Bros. & Bailey, Inc. [hereinafter "Lowell Bros."] has failed to make timely payment of amounts due for Produce sold and delivered in the principal amount of $450,489.01, that interest accrues on this sum at the rate of 12% or 18% per annum and that attorneys fees are recoverable by Plaintiffs. There is a reasonable likelihood that judgment will be recovered in the amount of not less than the balance claimed plus substantial interest and attorneys fees. Plaintiffs have also demonstrated a reasonable likelihood of recovery as beneficiaries of the statutory trust as set forth in the Perishable Agricultural Commodities Act, 7 U.S.C. § 499a, *et seq* [hereinafter "PACA"] against Lowell Bros. and against Andrew C.

Sexeny and George E. Sexeny in their individual and representative capacities [collectively, the "Defendants"].

2. It is the policy of Congress, as enunciated at 7 U.S.C. §499e(c)(1), to prevent a burden on commerce caused by the dissipation of the assets of brokers and dealers subject to PACA and to preserve the assets for payment to commodity sellers. PACA "is a remedial statute that should be given a liberal construction in favor of promoting Congress' intended purpose." Hiller Cranberry Prods., Inc. v. Koplovsky, 165 F.3d 1, 6 (1st Cir. 1999).

3. The Defendants have demonstrated an ongoing disregard for the prompt payment mandate of PACA in that they have failed to make timely payment to multiple vendors. Lowell Bros. has incurred substantial PACA Trust debt and ceased operations without making provision for the payment of the PACA Trust debt or preservation of assets of the PACA Trust. Further dissipation of the PACA Trust assets is likely.

6. The facts establish a dissipation of PACA Trust assets which is likely to continue and cause Plaintiffs irreparable harm unless the relief hereinafter set forth is granted.

7. Inasmuch as Lowell Bros. has dissipated and continues to dissipate assets of the PACA Trust and is holding or should be presently holding PACA Trust assets for the benefit of Plaintiffs as adequate security, no bond is required of Plaintiffs.

IT IS HEREBY ORDERED:

8. Lowell Bros., Andrew C. Sexeny, and George E. Sexeny and the agents, servants, employees, representatives, fiduciaries and attorneys of each are hereby enjoined and restrained from in any way paying, accepting payment, conveying, transferring, granting, hypothecating, mortgaging, assigning, selling, releasing, offsetting or in any way changing the status quo of any

  a. assets, monies and property, derived directly or indirectly from the sale of perishable agricultural commodities, in the possession, custody or control of Lowell Bros.; and

  b. assets and property of Lowell Bros., real, personal and mixed, tangible and intangible, wherever located, standing in its name or names or in the name of any other persons in any capacity whatsoever, including but not limited to the proceeds from the sale of assets;

  c. any assets, monies and property in which Andrew C. Sexeny or George E. Sexeny have an interest; provided, however, that they may continue to make payment of their ordinary and usual personal living expenses and make payment for costs and attorneys fees arising from the present action; and

  d. until such time as the foregoing monies and property total $500,000.00, which monies shall either be

    i. paid over to Plaintiffs' counsel, or

    ii. set aside in a separate interest-bearing account for the benefit of Plaintiffs as to which both Plaintiffs' counsel and Defendants' counsel shall be authorized signatories.

A hearing on Plaintiffs' Motion for Injunctive Relief (dkt. no. 4) and Motion for Attachment of Real Estate (dkt. no. 6) is set for May 17, 2012 at 2 p.m. in Courtroom 9 before Judge George A. O'Toole, Jr..

  It is SO ORDERED.

            /s/ George A. O'Toole, Jr.
            United States District Judge